UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA JANCZUK,

               Plaintiff,

-against-

UNITED STATES OF AMERICA,

               Defendant.

24-CV-3750 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action seeking relief from the United States of America. By order dated May 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff brings this action against the United States seeking the following relief:
:
For the United States of America (USA) to mandate the research around and the establishment of a basic software for human beings from even-prior-to conception, pending research outcomes, unto all stages, to guarantee sense experience input and active-versus-empty cognitive and affective lives.

[0002] For the USA to do the same with regards to examinations of a basic-unto-complex form, to guarantee that sense experience and cognition exists, that objects are latched onto, that objects are understood, and more.

[0003] For the USA to follow a suggestion in a lawsuit prior that would require that every institution of the type "educational" or "academic" or similar exist in a corporate matrix of identities ciphered, so that--i.e.--front-end references to "Bronx Science" would be different from back-end references to, i.e., "That Room Bearing Within It A Soul 'Tude Around No Difficult Child," helping to objectify and anonymize the educational process, if not for the sake of guaranteeing resources to the right person then for the sake of a commitment to scaffolding the mind against the very frameworks of objectivity the disciplines tend to, or to find a way to statute out an opinion different and then to help segregate persons who prefer a different form of education in accord with rigorous, hard, always-available statutes and otherwise.

 [0004] For the USA to design and adopt quantitatively-pure and objectively-pure and infrastructurally-pure examinations at their foundation for all content, including from within a reality-, reason-, self-, and society-based frameworks, until disciplines and societies yield a different opinion or otherwise, in such a way that the USA agrees fundamentally on what constitutes the educational and academic router purpose in the first place (i.e., thus, for example, exchanging some form of more extended science classes to programming for CPAs and then opening up required doctoral-level modules for kids against one particular environment of research biological, etc., shifting the timespan of necessary input, etc., all to be debated), including a request for a structured positive commitment to the good of cognitive evolution for those who find cognition of the most essential kind of activities, leaving lives disengaged cognitively to be remarked upon. [0005] For schools and communities to make accessible the highest form of quantified statistics and analyses over the competencies of teachers, students, and more, against matrices.

(ECF 1 at 3.)[1]

In addition, Plaintiff further requests the following:

[0013] For the USA to open up a form of mandated exposure to realities artistic and technological both, the first in, i.e., the fostering of the construction and delivery of fully-personalized songs, poems, and stories for every child, for every birthday or major holiday, expanding the industry for creators, including illustrators, infinitely, by working to manually and/or technologically reflect and mirror to children their innard and outard life via personalized art, and second, via the construction of personal robots and more, including robots that can travel with

---

[1] The spelling and punctuation in quoted material is from the original, unless otherwise noted.

> them to school to replace backpacks, to permit small fridges for cold water and juices and more, and otherwise.
>
> [0014] For the USA to require multiple languages from a reality-based perspective, wherein every language fosters a different philosophizing over objects and a practice with the mouth, unto a form of required or encouraged immersion in international waters and cultural and social expansions.
>
> [0015] For the USA to redesign its musical and cinematic and artistic curriculum, requiring everywhere some form of home economics, introit to spectras of music as rooted within a philosophy of the human person, their emotional and spiritual and coded and other forms of life, requiring a higher form of input from modern-day academics and creators of all kinds, and more.

(*Id.* at 4.)

Plaintiff names the United States of America as the sole defendant.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's claims about "the establishment of a basic software for human beings from even-prior-to conception," and her other requests rise to the level of the irrational. There is no legal theory on which she Plaintiff can rely to state a claim in connection with these allegations. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Accordingly, a finding of frivolousness is warranted, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[2] Plaintiff indicates in her consent to accept electronic service of documents that this

## CONCLUSION

Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   September 9, 2024
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

---

complaint is one of eight actions that she filed on May 7, 2024. (ECF 4 at 1.)